Argued and submitted January 27, 1994, reversed and remanded January 18, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## LAVERN JACKSON MULHOLLAND,
*Respondent.*

(92-3579A-C-2)

## STATE OF OREGON,
*Appellant,*

*v.*

## LORI ANN WALKER,
*Respondent.*

(92-3579B-C-2)

## STATE OF OREGON,
*Appellant,*

*v.*

## DANNY RAY WALKER,
*Respondent.*

(92-3579C-C-2)

## STATE OF OREGON,
*Appellant,*

*v.*

## MARLIN CECIL WEBB,
*Respondent.*

(92-3579D-C-2; CA A78738)

888 P2d 594

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Diane L. Alessi, Chief Deputy Public Defender, argued the cause for respondents. With her on the brief was Sally L. Avera, Public Defender.

Before Richardson, Chief Judge, and Deits, Presiding Judge, and Riggs, Judge.

DEITS, P. J.

## DEITS, P. J.

The state seeks reversal of the trial court's order suppressing evidence seized pursuant to a search warrant. We reverse and remand.

The facts are undisputed. During the course of a stop of two young men, a deputy sheriff searched their duffel bag and saw that it was filled with small bags of dried marijuana. The men admitted that they had stolen the bags of marijuana from a large tent behind a greenhouse, located about two blocks from where they were stopped. One of them went with another deputy sheriff and pointed out the premises. Based on that information, a search warrant was issued for the premises, where defendants lived. As a result of the evidence seized during the execution of the warrant, defendants were charged with a variety of drug-related offenses.[1]

The two stopped men were indicted for possession of a controlled substance. In that case, the trial court concluded that the stop and the search of the duffel bag was unlawful and, thus, suppressed the evidence. In this case, defendants relied on Article I, section 9, of the Oregon Constitution[2] to argue that because the search warrant for their premises was obtained as a result of the unlawful search of the duffel bag, the evidence seized pursuant to that warrant should be suppressed as the "fruit of the poisonous tree." *See* ORS 133.683.

During a hearing on defendants' motion to suppress, the trial court concluded that it was not bound by the court's decision in the case relating to the two men who were stopped. Nonetheless, the court held that it would consider the earlier ruling to be "the law of the case" as to the lawfulness of the search. The court then concluded that "the information used to obtain the search warrant was obtained as the result of an illegal search," and suppressed the evidence seized pursuant to the warrant on the ground that the state "failed to refute

---

[1] Defendant Lori Ann Walker was also charged with two counts of child neglect in the first degree and three counts of endangering the welfare of a minor. ORS 163.547; ORS 163.575.

[2] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

that the evidence * * * was obtained by 'exploitation' of the illegal evidence."

On appeal, the state does not challenge the court's ruling on the lawfulness of the search of the duffel bag. Rather, it contends that because the intrusion into the bag did not violate any constitutionally protected interest of *defendants*, there is no legal basis for suppressing the evidence derived from the search of defendants' property conducted pursuant to the warrant.[3]

■ It is well established under Oregon law that the exclusionary rule does not require the suppression of all evidence obtained in violation of Article I, section 9. Rather, it precludes the admission of evidence obtained in violation of a person's Article I, section 9, *rights. State v. Tanner, supra* n 3, 304 Or at 315-16. In this case, then, the court's conclusion that the police unlawfully searched the duffel bag does not resolve the issue of whether that search violated defendants' rights. *See State v. Tanner, supra*, 304 Or at 320 ("The question of whose privacy rights have been violated is logically separate from the question whether section 9 has been violated.").

Although there are no Oregon cases that directly address the issue before us, the Supreme Court's decision in *State v. Tanner, supra*, is instructive. In that case, the defendant had given stolen video tapes and equipment to the Bests as collateral for a loan. Acting under an invalid warrant, the police searched the Best residence and discovered the stolen goods. The defendant was indicted for theft, but the trial court granted his motion to suppress the evidence on the ground that the search violated his right to privacy in the Best residence.

In *Tanner*, before deciding whether the defendant had such a privacy right, the court emphasized that the

---

[3] The issue here is not one of "standing." As the Supreme Court explained in *State v. Tanner*, 304 Or 312, 316, 745 P2d 757 (1987):

"A criminal defendant always has standing to challenge the admission of evidence introduced by the state. The question whether a defendant's personal rights were violated by an unlawful search or seizure is often mislabeled a question of 'standing,' but the question goes to the merits of a motion to suppress. The term 'standing' should be used only in the narrow sense of capacity to make a legal challenge." (Citation omitted.)

character of the discovered effects was irrelevant under the circumstances:

> "Searches and seizures are separate acts calling for separate analysis. The unlawfulness of which defendant complains was a search of the Best residence. *If the police violated any right of defendant's, it was a right against the search that uncovered the effects, not some right in the effects themselves.* An unlawful search that uncovers effects such as stolen goods or contraband, which also may not legally be possessed, will nevertheless result in suppression of those effects because the unlawfulness involves an infringement of rights apart from possessory interests (or lack thereof) in the stolen goods or contraband seized as a consequence of the unlawful search." *State v. Tanner, supra,* 304 Or at 316. (Emphasis supplied; citations omitted.)

Turning to the merits of the case, the court first noted that when a person is invited into the house of another, and the police violate the privacy of that house, the violation not only infringes on the resident's privacy interest, but it may infringe on the guest's privacy interest as well. The court then concluded that the same result must follow when a resident allows another person to store his or her effects on the resident's premises. In both circumstances, the court reasoned, the resident has allowed another person to make use of the privacy of the resident's house. 304 Or at 321-22. As the court explained, however, neither the guest's nor the entrustor's interest in the privacy of the house is coextensive with that of the resident's.[4] Further, even though the guest or entrustor may have a protected privacy interest, there is no violation of Article I, section 9, if the resident consents to a search of his or her house. 304 Or at 321-22. Applying that analysis to the facts before it, the court in *Tanner* found that by pledging his effects to the Bests as collateral, the defendant established a privacy interest in the house that could be violated by the discovery of those effects. It concluded that that interest was violated by the illegal search of the Best residence. 304 Or at 323.

■ For defendants to prevail in this case, they must similarly establish a basis for their alleged right to be free

---

[4] For instance, an invitation to dinner would not necessarily give the guest a privacy interest in the basement. Similarly, if an illegal search does not uncover the entrusted effects, then the entrustor's privacy interests have not been violated. 304 Or at 321-22.

from governmental intrusion into the duffel bag. They have failed to do so. The uncontroverted evidence shows that defendants did not own or possess the duffel bag, nor were they present when it was searched. It follows, then, that they had no direct interest in the privacy of the bag. Further, because defendants did not entrust their marijuana to the two men who were stopped or in any other way "make use of the privacy" of the men's duffel bag, they also lack grounds for asserting a derivative interest in the privacy of the bag. *See State v. Tanner, supra,* 304 Or at 322. Absent a protected privacy interest, the action of the police could not constitute a search as to defendants. *Cf. State v. Wacker,* 317 Or 419, 856 P2d 1029 (1993).

■　　Nevertheless, defendants contend that their "assertion of ownership [in the marijuana] is sufficient to meet their burden of demonstrating they have Article I, section 9[,] interests in the property." Article I, section 9, does protect both privacy and possessory interests. *State v. Kosta,* 304 Or 549, 553, 748 P2d 72 (1987). However, even assuming that defendants had a possessory or property interest in the contents of the duffel bag, that is irrelevant to the disposition of this case. The evidence at issue here is the items seized pursuant to the search warrant, *not* the marijuana discovered in the bag. As discussed above, the intrusion into the duffel bag did not violate any privacy interest of defendants. Once the bag was opened, the police observed the marijuana, and learned from the two stopped men where it came from. However, neither the observation of the marijuana nor the information obtained about its origin violated any property interest that defendants might have had in the marijuana in the bag. It was this information that provided the basis for the search warrant for defendants' premises.

　　We thus conclude that, regardless of any property interest that defendants might have had in the contents of the bag, they had no privacy interest against the state's *discovery* of those contents. Because there was no search of the duffel bag with respect to defendants, the evidence seized pursuant to the search warrant, obtained as a result of the information gained from the stopped men, was not the fruit of a prior illegality. The trial court erred in granting defendants' motion to suppress.

　　Reversed and remanded.